KI CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 20 2013 ★ Rec'd
11/29/13
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GARY BORETSKY,

       Plaintiff,

 -against-

NEW YORK CITY TRANSIT AUTHORITY,
HERBERT CARRINGTON, and
KENNETH MUELLER,

       Defendants.
------------------------------------------------------------x

MEMORANDUM & ORDER

11-cv-03191 (ENV) (LB)

VITALIANO, D.J.,

## Background

*Pro se* plaintiff Gary Boretsky[1] commenced this lawsuit on July 5, 2011, alleging employment discrimination in violation of Title VII and the Age Discrimination in Employment Act of 1967 ("ADEA"). Between 2011 and 2013, the parties engaged in motion practice and discovery. On September 5, 2013, shortly after defendants sought permission to move for summary judgment, Boretsky voluntarily dismissed his claim pursuant to Federal Rule of Civil Procedure 41(a), by stipulation signed by Boretsky and counsel for all defendants, pursuant to which the case was closed. (Dkt. No. 53). On September 20, 2013, Boretsky filed a document with the Court announcing, among other things, that despite having abandoned his case less than three weeks earlier, he now "consider[s] [his] case reopened," apparently as a result of what he perceived to be an FBI stakeout of his home. (Dkt. No. 55). The Court treated his filing as a motion

---

[1] Boretsky was initially represented by counsel but elected to proceed *pro se* in July 2013.

1

under Federal Rule of Civil Procedure 60(b) to vacate the stipulation of voluntary dismissal and reopen the case. Defendants have opposed that motion. For the following reasons, the motion is denied and the case remains closed.

## Standard of Review

Because Boretsky appears here unrepresented, the Court must construe his submissions liberally and read them to raise the strongest arguments they suggest. *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007). Construed liberally, the Court understands Boretsky's filings to be a motion, pursuant to Rule 60(b), to set aside the stipulation of voluntary dismissal, filed on September 5, 2013, terminating the case.[2] Rule 60(b) empowers a court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a "reasonable time," but with respect to reasons (1), (2), and (3) described above, not more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c). "Rule 60(b) provides a 'mechanism for extraordinary judicial

---

[2] A voluntary dismissal under Fed.R.Civ.P. 41(a)(1)(i) is treated as a final judgment or order under Rule 60(b). *Crystal Waters Shipping Ltd. v. Sinotrans Ltd. Project Transp. Branch*, 633 F. Supp. 2d 37, 40, n.1 (S.D.N.Y. 2009).

relief available only if the moving party demonstrates exceptional circumstances.'" *Motorola Credit Corp. v. Uzan,* 561 F.3d 123, 126 (2d Cir. 2009) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (alteration omitted)). "In evaluating a Rule 60(b) motion, the courts of this circuit also require that the evidence in support of the motion be highly convincing, that the movant show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties as a result." *Crystal Waters Shipping*, 633 F. Supp. 2d at 40-41 (S.D.N.Y. 2009) (internal quotation and citation omitted).

## Discussion

Boretsky has failed to make the showing required to set aside the final judgment dismissing his case. In his filings, Boretsky explains that he feels that defendant New York City Transit Authority ("NYCTA") is threatening his life, and that he voluntarily dropped his case in the hope that that would cause the threatening actions to stop. (*See* Dkt. No. 59.) Apparently, that has not come to pass. Boretsky alleges no actual threats against him, but rather asserts that he is the subject of FBI surveillance from one or more neighboring homes, which he somehow attributes to the defendants. In light of Boretsky's allegations, the Court understands him to move to set aside the voluntary dismissal on the ground of Rule 60(b)(3), "misconduct by an opposing party."

Relief under Rule 60(b)(3) "cannot be granted absent clear and convincing evidence of material misrepresentations or other misconduct." *Schlafman v. State Univ. of New York, Farmingdale*, No. 13-213, 2013 WL 5685342, at *2 (2d Cir. Oct. 21, 2013)

(internal quotations and citations omitted). Additionally, the movant must show that the alleged fraud or misconduct "prevented him or her from fully and fairly presenting his or her case, and that the fraud is attributable to the party or, at least, to counsel." *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cnty., Inc.*, No. 00-cv-7394, 2013 WL 3863892, at * 5 (E.D.N.Y. July 25, 2013) (internal quotations and citations omitted).

Even if everything Boretsky asserts is true, it would not constitute grounds to reopen his employment discrimination case. Boretsky does not allege, let alone provide clear and convincing evidence of, misconduct by any of the defendants. Nor does he assert that any conduct by the defendants induced him to dismiss his case. Rather, he acknowledges that he dismissed his case voluntarily, in the hope that doing so would bring about some change in the defendants' perceived conduct. Accordingly, Boretsky's motion is denied.

## Conclusion

Plaintiff's motion to vacate the stipulation of voluntary dismissal and reopen the case is denied.

SO ORDERED.

Dated: Brooklyn, New York
November 8, 2013

/S/ Judge Eric N. Vitaliano

_____
ERIC N. VITALIANO
United States District Judge